UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - -X

CATHERINE A. KOURY,

                              Plaintiff,    <u>ORDER</u>

                                              CV 2004-3180(FB)(MDG)

       - against -

ROMAN B. DERZHAVIN,

                              Defendant.

- - - - - - - - - - - - - - - - - - - -X

    This order addresses the letter motion of John Bostany, plaintiff's counsel, seeking leave to renew his prior motion to preclude the testimony of defendant Roman B. Dershavin for failing to appear at a scheduled deposition.

## DISCUSSION

    Rule 37(d) of the Federal Rules of Civil Procedure provides that a court may sanction a party for failing to attend his own deposition any of the penalties authorized under subparagraphs (A), (B) and (C) of Rule 37(b)(2). As David S. Smith, counsel for defendant, concedes in his letter dated April 21, 2005, "scheduling a new deposition date for the defendant would be unproductive since he has not been in communication with this office." Given this response, the only issue is what sanction to impose. Counsel argues that preclusion of defendant's testimony suffices as a sanction. This Court agrees.

    The purpose for sanctions under Fed. R. Civ. P. 37 is threefold:

> First, they ensure that a party will not benefit from its own failure to comply. Second, they are specific deterrents and seek to obtain compliance with the particular order issued. Third, they are intended to serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault.

Update Art, Inc. v. Modiin Publishing, Ltd., 843 F.2d 67, 70 (2d Cir. 1988); Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1066 (2d Cir. 1979). Preclusion is an appropriate sanction here since defendant's failure to attend his own deposition thwarts plaintiff's ability to prepare for trial. See Reilly v. Natwest Markets Group Inc., 181 F.3d 253, 269 (2d Cir. 1999) (court may order preclusion after considering the party's explanation, the importance of the testimony of the precluded witness, the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony, and the possibility of a continuance). Irrespective of what defendant's testimony might of yielded, the burden remains on plaintiff to prove her entitlement to recover from defendant's insurer, which is now effectively the real party in interest.

## CONCLUSION

Plaintiff's motion for an order precluding the testimony of Roman B. Derzhavin is granted.

**SO ORDERED.**

Dated:   Brooklyn, New York
         April 25, 2005

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE